FILED
2018 Mar-21  PM 12:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit "1" to the Notice of Removal

DOCUMENT 1

ELECTRONICALLY FILED
2/19/2018 9:42 AM
17-CV-2018-900005.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>17 |
|---|---|---|

Date of Filing:
02/19/2018

Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### JERRY BONNER v. SPECIALIZED LOAN SERVICING, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**  A ☐ **APPEAL FROM<br>DISTRICT COURT**  O ☐ **OTHER**

R ☐ **REMANDED**  T ☐ **TRANSFERRED FROM<br>OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WAT056

2/19/2018 9:42:51 AM
Date

/s/ JOHN GRIFFIN WATTS
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
2/19/2018 9:42 AM
17-CV-2018-900005.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| **JERRY BONNER, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **SPECIALIZED LOAN SERVICING, LLC,** ) | |
| **a Corporation; FV-I, INC.  IN TRUST FOR** ) | |
| **MORGAN STANLEY MORTGAGE** ) | **JURY DEMAND** |
| **CAPITAL HOLDINGS LLC, a foreign** ) | |
| **Trust,  and Fictitious defendants A-Z are** ) | |
| **those defendants who caused or are** ) | |
| **responsible for the harm done to Plaintiff.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Jerry Bonner (hereinafter "Plaintiff") by and through Plaintiff's attorneys of record and files Plaintiff's Complaint against Defendants and states as follows:

### JURISDICTION AND VENUE

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), Real Estate Settlement Procedures Act[1], 12 U.S.C. § 2605 ("RESPA"), and state law by the Defendants including an **illegally scheduled foreclosure on February 20, 2018**.

2.    This lawsuit is also brought to have this Honorable Court examine the facts to see if a default, acceleration, and/or foreclosure are proper or improper.

3.    Venue is proper in this Court as Plaintiff resides in this County and all Defendants do business in this County.

---

[1] Any reference to RESPA or FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## PARTIES

4.    The Plaintiff Jerry Bonner, (hereinafter "Plaintiff"), is a natural person who resides in this State.

5.    Defendant FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC ("Defendant" or "FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC" or "FV-I") in this action is a foreign corporation doing business in this County, and is considered a "servicer" under RESPA.  It is also considered a "debt collector" under the FDCPA.

6.    Defendant Specialized Loan Servicing, LLC ("Defendant" or "Specialized Loan Servicing, LLC" or "SLS") in this action is a foreign corporation doing business in this County, and is considered a "servicer" under RESPA.  It is also considered a "debt collector" under the FDCPA.

7.    Due to the conflicting and contradictory information by Defendants, it is unclear which Defendant allegedly owns the mortgage and which Defendant is acting as a servicer so in this lawsuit both are alleged to be acting together in the line of scope of all agency agreements they have with each other.  Both are alleged to be the agent for each other.

8.    Fictitious defendants A-Z are those Defendants who caused or are responsible for the harm done to Plaintiff.  Any reference to "Defendant" or "Defendants" or "Defendant FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC" or "Defendant Specialized Loan Servicing, LLC" includes all fictitiously described Defendants as well.

2

DOCUMENT 2

## FACTS

9.   RESPA applies to Defendants[2] FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS and to the loan at issue in this case.

10.   Defendants are collecting on this debt illegally including the fact that the Defendants have **scheduled an illegal foreclosure on February 20, 2018**.

11.   At some point Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS began to allegedly service or own the loan.

12.   This occurred after Plaintiff filed for protection under Bankruptcy.

13.   This occurred after this loan was discharged in Bankruptcy.

14.   Defendants knew this loan was discharged in Bankruptcy but have continued to attempt to collect on this debt.

15.   After Defendants allegedly took over the loan, they decided to take Plaintiff's house in an illegal foreclosure sale.

16.   No proper default letter was sent as required by the mortgage to do a foreclosure.

17.   No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

18.   Defendants have committed illegal dual tracking.

19.   Defendants refused to properly offer loss mitigation options as required by RESPA.

20.   This is not an oversight or a mistake on the part of Defendants but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiff when dealing with a mortgage loan.

21.   Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have a pattern and practice of violating RESPA, FDCPA and the Bankruptcy Code (Discharge Orders).

---

[2] Defendants have acted jointly and as agents for each other such that Plaintiff refers to the Defendants collectively.

22. The actions and inactions of Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS violate the RESPA, FDCPA, as well as state law.

23. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS are servicers under RESPA, including the definition of 12 U.S.C. §2605(i)(2) & (3) as well as 12 C.F.R. §1024.2.

24. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS engage in the following conduct as servicers:  asking for periodic monthly payments, handling escrow matters (including insurance and force placed insurance), threatening foreclosure, etc.

25. Companies such as Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS can claim to be owners or holders of the note and/or mortgage and still be servicers under RESPA.

26. The loan at issue qualifies under RESPA including 12 C.F.R. §1024.5(a) and 12 C.F.R. §1024.2.

27. The FDCPA is a federal law that applies to debt collectors such as Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS.

28. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS are in the business of buying and/or servicing defaulted consumer debt, particularly mortgage debt, and then collecting on those defaulted consumer debts.

29. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have as their principal purpose in business to collect debts.

30. Their sole or primary business model is the collecting of defaulted debt, primarily mortgage debt.

31.     Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS do not make loans – instead they collect debt as their business purpose and mission.

32.     The FDCPA applies to mortgage loans, which were allegedly in default at the time the Defendant begins to collect on such loans.

33.     It prohibits deceptive conduct of any type as well as harassing or unfair conduct, even on debts that are owed.

34.     Here, Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS made false statements to Plaintiff and their conduct can only be described as unfair and harassing.

35.     Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have repeatedly violated the strict liability FDCPA.

36.     Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS are collecting on this debt illegally including the fact that the Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS scheduled an illegal foreclosure on February 20, 2018.

37.     The FDCPA applies to non-existent debts that a debt collector attempts to collect.

38.     Here, the debt does not exist any longer but Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have continued to try to collect, even up to the point of threatening to foreclose against Plaintiff.

39.     As such the debt is covered under the FDCPA.

40.     The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS were not legally entitled to take or had no intention of taking.

5

41.  The threatened foreclosure and other illegal collection activities are not authorized by the contracts giving rise to the alleged debt.

42.  Defendants have refused to follow all conditions precedent to foreclose, including those under the contract, under state law, under federal law, and under the rules and regulations governing this loan.

43.  Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS used false representations and/or deceptive means to collect on this debt.

44.  The collection methods employed by Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS were and are harassing and illegal.

**The Illegally Threatened Foreclosure Of February 20, 2018**

45.  The mortgage and/or law require that Plaintiff be sent an accurate copy of a valid and accurate notice of sale that is to be published in the newspaper.

46.  No such notice has been sent.

47.  But Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS claimed the foreclosure is to occur on February 20, 2018.

48.  Defendants cannot foreclosure without a proper chain of title and such does not exist – instead the chain of title has been broken in this case.

49.  There is no default.

50.  There is no debt owed.

51.  Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS never have owned this debt as there was no valid transfer of the debt or the mortgage to Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS, there is no debt that is owed, and Defendants FV-I, Inc in trust for Morgan Stanley

Mortgage Capital Holdings LLC and SLS have not properly followed the rules and laws in order to foreclose.

52. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have not sent a valid default notice as required.

53. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have not sent a valid acceleration notice as required.

54. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have not sent a copy of the foreclosure sales notice as required.

### Remaining Factual Allegations

55. After Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS allegedly took over the loan, Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS decided to take Plaintiff's house in an illegal foreclosure sale.

56. No proper default letter was sent as required by the mortgage to do a foreclosure.

57. No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

58. No proper notice of sale was sent to Plaintiff, as required by the mortgage.

59. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS refused to properly offer loss mitigation options as required by RESPA.

60. RESPA requires that available loss mitigation options be presented to Plaintiff.

61. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS refused to do so.

62. Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS refused to send mortgage statements each month as required by RESPA and TILA.

7

63.    The loan at issue is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

64.    It is a consumer and personal loan for a family property that has been in Plaintiff's family since the 1800s and thus qualifies as a covered debt under the FDCPA.

65.    Plaintiff alleges the (alleged) debt was in default at the time the servicing rights were allegedly assigned or transferred to Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS.

66.    Even though no debt is actually owed to Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS, they claimed the debt was owed and in default when they first began allegedly servicing or owning the non-existent debt.

67.    Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS are in the primary business of collecting debts.

68.    Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS meet all requirements to be considered a "debt collector" under the FDCPA.

69.    Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have continued to this very day to engage in debt collection activities against Plaintiff, including seeking payment of an amount not owed and attempting to foreclose against Plaintiff without the right to do so.  This has been done through calls, letters, and other means of collection.

70.    Misrepresentations were made regarding the character, amount, or legal status of the debt.

71.    The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

8

72.    The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS were not legally entitled to take or had no intention of taking.

73.    The threatened foreclosure and other illegal collection activities are not authorized by the contract giving rise to the alleged debt.

74.    Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS used false representations and/or deceptive means to collect on this debt.

75.    The collection methods employed by Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS were and are harassing and illegal.

76.    As a direct result of the acts complained of against Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS, Plaintiff has been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiff's reputation, economic and emotional damages and claim from Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS all damages allowable under the law.

77.    It is understandable and natural and foreseeable that if an improper and illegal threat is made to take a consumer's home, the consumer will find this very upsetting and will suffer emotional distress.

78.    Plaintiff's name has been published in a newspaper and online as facing foreclosure – this has caused great emotional distress as would be expected when false information is published about a consumer in the public.

79.    Knowing that Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have violated the federal and state laws as well as refusing to

9

follow the contract (mortgage and note), is very upsetting and has caused emotional distress and mental anguish to Plaintiff.

80.    Plaintiff does not know what other illegal acts Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS will commit but it is obvious to Plaintiff that Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS will continue to illegally collect a nonexistent and attempt to take Plaintiff's home and this has caused and will continue to cause great emotional distress and mental anguish.

81.    All employees and agents of Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS acted within the line and scope of their employment and/or agency relationship.

82.    Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have refused to apologize to Plaintiff for their misconduct against Plaintiff.

83.    There is no right to foreclose and Plaintiff requests this Honorable Court rule that Defendants FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings LLC and SLS have no such right to foreclose on February 20, 2018.

84.    As a direct result of the acts complained of against each Defendant, Plaintiff has been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiff's reputation and credit, economic and emotional damages and claim from all Defendants all damages allowable under the law.

85.    All employees and agents of each Defendant acted within the line and scope of their employment and/or agency relationship.

86.    No Defendant has apologized to Plaintiff for its misconduct against Plaintiff.

10

87. There is no right to foreclose and Plaintiff requests this Honorable Court rule that Defendants have no such right to foreclose.

## COUNT I

### VIOLATIONS OF RESPA BY DEFENDANTS

88. All paragraphs of this Complaint are incorporated as if fully set forth herein.

89. Defendants are obligated to offer loss mitigation options to Plaintiff before foreclosing.

90. Defendants refused to do this.

91. Defendants refused to allow Plaintiff to apply for loss mitigation.

92. Defendants refused to properly review any and all loss mitigation applications/requests by Plaintiff.

93. Defendants illegally dual tracked.

94. Defendants refused to provide a payoff under the time limits required by law.

95. Defendants refused to provide an accurate payoff.

96. As a result of this lack of compliance by the Defendants, they are liable to Plaintiff for actual damages, statutory damages for each violation, costs and attorney's fees.

97. The violations of the law by Defendants have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

### VIOLATION OF THE DISCHARGE ORDER

98. All paragraphs of this Complaint are incorporated as if fully set forth herein.

99. Defendants know that Plaintiff received a discharge of this alleged debt.

100. Despite this knowledge, Defendants have repeatedly attempted to collect on this debt.

11

101.   This is a flagrant violation of the Bankruptcy discharge order.

102.   As a result of Defendants' violation of the Bankruptcy discharge order, Plaintiff is entitled
       to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs
       from Defendants.

## COUNT III

## VIOLATIONS OF THE FDCPA

103.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

104.   Defendants violated the entirety of the FDCPA including, but not limited to, Sections
       1692d, 1692e, 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1),
       1692f(6), and 1692g as set forth in this Complaint.

105.   With this lawsuit, and with a letter being sent today to foreclosure counsel – who are debt
       collectors hired by the Defendants – Plaintiff is asking for validation of the debt as is his
       right to do so.

106.   Any collection activity – including foreclosure – before first validating the debt will be
       another violation of the FDCPA by all parties.

107.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual
       damages; statutory damages; and reasonable attorney's fees, expenses and costs from
       Defendants.

## COUNT IV

## BREACH OF CONTRACT BY ALL DEFENDANTS

108.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

109.   Defendants had a contract with Plaintiff but Defendants breached any and all contracts with
       Plaintiff.

110.   Defendants failed to send a valid default letter.

111.   Defendants refused to send a valid acceleration letter.

112.   Defendants have refused to strictly follow the requirements of the contracts as well as the law in the default, acceleration, and illegally scheduled foreclosure on February 20, 2018.

113.   Defendants have refused to properly credit Plaintiff's payments.

114.   The other numerous violations of the contact will be identified in discovery.

115.   Plaintiff has performed under the contract.

116.   As a result of Defendants' breach of contract, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT V

### DECLARATION THAT FORECLOSURE IS NOT ALLOWABLE

117.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

118.   Because Defendants have failed to follow the mortgage and state and federal laws (and rules and regulations) and because there is no default, the foreclosure should not be allowed to go forward.

119.   Plaintiff is not in default.

120.   Defendants have no right to foreclose.

121.   Plaintiff requests a determination that foreclosure is not allowed.

## COUNT VI

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS BY DEFENDANTS

122.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

123.   Defendants' collectors and employees/agents are allowed and encouraged to break Alabama tort law in order to collect debts and foreclose on homes.

13

124.    The Alabama tort law violated includes:   negligence, wantonness, and invasion of privacy.

125.    For example, the Defendants know they must follow the mortgage but they allow and encourage their collectors/employees/agents to violate the mortgage as set forth in this Complaint.

126.    Defendants know that it is illegal to foreclose but have publicly and privately told Plaintiff that Defendants will take Plaintiff's home from Plaintiff and this constitutes an invasion of privacy under Alabama law as well as negligence and wantonness.

127.    Defendants are aware of the wrongful conduct of their agents and/or employees.

128.    The actions of Defendants' agents and employees were not done secretly but instead were done openly through letters, calls and even publicly through advertising the foreclosure in a public newspaper and online.

129.    Clearly Defendants knew or should have known of the violations of Alabama tort law if Defendants had exercised any due care.

130.    As Defendants have not apologized in any way to Plaintiff, even after the filing of this suit, it is apparent that the Defendants intended for Plaintiff to be treated the way Plaintiff was treated by Defendants' employees and agents.

131.    Despite the knowledge of what was happening, Defendants refused to correct, discipline, supervise or make right the wrongful conduct of their agents and employees who violated Alabama tort law.

132.    Instead, Defendants have intentionally (or wantonly or negligently) reaped the rewards of and encouraged their employees and agents to violate Alabama tort law.

14

133.    Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate Alabama law as was done to Plaintiff and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT VII

## NEGLIGENT AND/OR WANTON CONDUCT BY DEFENDANTS

134.    All paragraphs of this Complaint are incorporated as if fully set forth herein.

135.    Defendants had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care when they decided to threaten to foreclose and advertise publicly an upcoming foreclosure against Plaintiff.

136.    There is no contract between Plaintiff and Defendants and there is no contractual relationship between Plaintiff and Defendants.

137.    So when Defendants decided to collect money and to threaten and actually schedule a foreclosure, with no contact and not contractual right to do so, they were obligated to proceed with reasonable and due care.

138.    Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff when they began to collect against Plaintiff and threaten foreclosure.

139.    Defendants violated all of the duties Defendants had and such violations were made negligently and wantonly.

140.    This is especially true as there is not even a contract between Defendants and Plaintiff.

141.    It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

142.   Plaintiff has been damaged by Defendants' wrongful conduct as described in this
       Complaint.

## COUNT VIII

### INVASION OF PRIVACY BY DEFENDANTS

143.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

144.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and
       Defendants violated Alabama state law as described in this Complaint.

145.   Congress explicitly recognized a consumer's inherent right to privacy in collection
       matters in passing the Fair Debt Collection Practices Act, when it stated as part of its
       findings:

       **Abusive debt collection practices contribute** to the number of personal
       bankruptcies, to marital instability, to the loss of jobs, and **to invasions of
       individual privacy.**

       15 U.S.C. § 1692(a) (emphasis added).

146.   Congress further recognized a consumer's right to privacy in financial data in passing the
       Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a
       broad range of "financial institutions" including debt collectors (albeit without a private
       right of action), when it stated as part of its purposes:

       It is the policy of the Congress that **each financial institution has an
       affirmative and continuing obligation to respect the privacy of its
       customers** and to protect the security and confidentiality of those
       customers' nonpublic personal information.

       15 U.S.C. § 6801(a) (emphasis added).

147.   Defendants and/or their agents intentionally, recklessly, and/or negligently interfered,
       physically or otherwise, with the solitude, seclusion and or private concerns or affairs of

the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

148. Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt including threatening to take Plaintiff's property, taking Plaintiff's money and all other wrongful acts which will come to light in discovery, thereby invading and intruding upon Plaintiff's right to privacy.

149. This includes any false credit reporting by Defendants on Plaintiff's credit reports (which was made with malice, wantonness, and/or recklessness), the threats to foreclose, the illegal debt collection, and all other wrongful acts of Defendants as outlined in this Complaint and as will be proven at trial.

150. The plan and scheme carried out by Defendants exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

151. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

152. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

153. Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

154.   All invasions of privacy acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages as well as nominal and compensatory damages.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff having set forth Plaintiff's claims for relief against each Defendant, respectfully prays of the Court as follows:

a.   That Plaintiff has and recover against each Defendant a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages;

b.   That each Defendant be enjoined from further violations of the law against Plaintiff;

c.   This Honorable Court rule that there is no right to foreclose by Defendants;

d.   That Plaintiff has reasonable attorney's fees, costs, expenses; and

e.   That Plaintiff has such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

18

**PLAINTIFF DEMANDS A TRIAL BY JURY**

/s/ John G. Watts
OF COUNSEL

**Please serve Defendants by certified mail at the following addresses:**

Specialized Loan Servicing, LLC
c/o United Agent Group Inc.
6 Office Park Circle #100
Mountain Brook, Alabama 35223

FV-I, Inc in trust for Morgan Stanley Mortgage Capital Holdings, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
2/19/2018 9:42 AM
17-CV-2018-900005.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| JERRY BONNER, an individual, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No.:** |
| | ) |
| SPECIALIZED LOAN SERVICING, LLC, | ) |
| a Corporation; FV-I, INC. IN TRUST FOR | ) |
| MORGAN STANLEY MORTGAGE | ) |
| CAPITAL HOLDINGS LLC, a foreign | ) |
| Trust, and Fictitious defendants A-Z are | ) |
| those defendants who caused or are | ) |
| responsible for the harm done to Plaintiff. | ) |
| | ) |
| **Defendants.** | ) |

---

## PLAINTIFF'S FIRST SET OF DISCOVERY TO ALL DEFENDANTS

---

**PLEASE TAKE NOTICE** that pursuant to the Alabama Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests to each and every Defendant:

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### INSTRUCTIONS

If any objection is made to any of the following interrogatories or discovery requests, you shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, you shall state the legal basis for the privilege you are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and you are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the counsel for Defendants.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of you, which you have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

2

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in your possession, or subject to their custody and control, regardless of location.  If there are no such

documents, please so state.   If there are such documents, please list and mark appended documents responsive to each request.   (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered from your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them.   An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, you shall state specifically the terms of each qualification and the reasons for it.   If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

All request are limited in time (unless otherwise specified) to three (3) years prior to the date of the suit to the present.

## **INTERROGATORIES**

1.      For each individual person, officer, employee, agent, or other entity answering or providing any information used you to answer any Interrogatory, state the following:

      a.      First, last, and middle legal name;

      b.      All DBA, fake, or alias name(s) used by this person;

4

      c.      Job title or capacity;

      d.      Business address and telephone number;

      e.      Home address and telephone number; and

      f.      Age.

2.      Identify each document referred to or consulted by you in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.      Identify all persons known to you to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

      a.      First, last, and middle legal name;

      b.      All DBAs, fake, or alias name(s) used by this person;

      c.      Job title or capacity;

      d.      Business address and telephone number;

      e.      Home address and telephone number;

      f.      Age; and

      g.      State the general substance of each person's knowledge.

4.      Identify and describe with particularity all training that you provide or receive, in the area of foreclosure activities, loss mitigation, loan modifications, and postponement of foreclosures, including but not limited to:

      a.      The training content, timing, and duration;

      b.      All documents and audio or visual materials used in such training; and

      c.      Each person involved in providing such training.

5.      Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that your employees or agents are

given, read, review, or otherwise use, regarding foreclosures, loss mitigation, loan modifications, and postponement of foreclosures.

6. Please state in detail and provide all witnesses that support your answer as to every basis that you had to conduct the foreclosure which occurred on or about February 20, 2018.

7. Identify all notices sent pursuant to the Note or Mortgage.

8. Identify as of February 20, 2018, the total current balance due, the past-due principal, past due interest, other charges due, and the amounts past due – including how you calculated each figure.

9. Identify and produce all advertisements or other foreclosure notices that relate to the foreclosed property.

10. Identify and describe any and all documents that describe, record, or establish your methods and techniques used to foreclosure for the previous three years and up through the present.

11. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that you use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and your policies and procedures for operating such a system of records.

12. Identify whether you electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

13. Identify whether you recorded any telephone call with Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

6

14.    In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the threatened foreclosure was to take place, beginning with the first alleged default of Plaintiff.

15.    Identify and describe each communication, or attempted communication, between you with Plaintiff, or any other person, which is in any way related to the foreclosure, by stating the following:

    a.    The name of the individual initiating communication;

    b.    The name of the person and/or description of the person to whom the communication was directed;

    c.    The date and time of the communication;

    d.    The method of the communication (e.g. letter, phone call, in-person);

    e.    A detailed description of the substance of the communication, (do not simply refer to notes);

    f.    Identification of all witnesses to or participants in the communication; and,

    g.    Any actions taken by you as a result of the communication.

16.    Identify the full legal name, address, telephone, position, and title of all former employees of yours who in any manner were involved with the account of Plaintiff.

17.    Identify all lawsuits brought against you at any time arising out its foreclosing or attempted foreclosing activities, and for any reason, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

18.    Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other

7

regulatory complaints made against you or your employees at any time arising out its foreclosing or attempted foreclosing activities, and for any reason, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

19.   Please identify all properties you have foreclosed on in Alabama, stating the following:

    a.   Number of foreclosures;

    b.   Name of the borrower on the Note and the property location;

    c.   All notices sent to each person; and

    d.   Whether the notice provisions of the Note and Mortgage differ from Plaintiff's Note and Mortgage.

20.   Identify what happened to the Note and Mortgage from the time they were executed up until the current day.  Include all assignments, transfers, endorsements, allonges, etc.

21.   If this loan was placed into a Trust, identify exactly how and when this note and/or mortgage was placed into the Trust and attach all documents relating to the Trust including the pooling and servicing agreement (PSA).

22.   Was this loan transferred into the Trust in accordance with the PSA?  Explain your answer.

23.   Identify all charges, fees or expenses that were imposed on Plaintiff and the authority for each such charge, fee or expense.

24.   In what order were payments to be applied – i.e. principal, interest, late fees, etc.

25.   For every payment received, describe how you applied every dollar and when you applied it.

26.   Identify every late fee, expense or charge during the life of the loan and the basis for each.

27.   Explain why you threatened to foreclose on Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Pursuant to the Alabama Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents, as they may desire:**

1.  Please produce a copy of each and every document involving communication(s) or contact(s) between you and the following persons, which in any way references Plaintiff, or any allegation or defense asserted in this action:

    a)  Any credit bureaus;
    b)  The Plaintiff;
    c)  Any state or federal governmental entity;
    d)  Any other defendant in this case.

2.  Please produce copies of any statements you have taken or received from any person in any way connected with the allegations contained in this lawsuit.

3.  Please produce all documents related in any way to Plaintiff.

4.  Please produce all documents related in any way to the loan that you say Plaintiff is in default on.

## PLAINTIFF'S REQUEST FOR ADMISSIONS

**Pursuant to the Alabama Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.  You never owned the note at issue in this case.

2.  The loan was in default when you started servicing the note.

3.  All letters your attorneys wrote to Plaintiff were within the line and scope of their representation of you.

4.  You have not apologized to Plaintiff for any of your conduct related to the upcoming foreclosure.

9

5.   You decided to treat Plaintiff different than you treat every other consumer in Alabama because of a personal dislike for Plaintiff.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

10

ELECTRONICALLY FILED
2/19/2018 9:42 AM
17-CV-2018-900005.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| JERRY BONNER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| SPECIALIZED LOAN SERVICING, LLC, | ) |
| a Corporation; FV-I, INC. IN TRUST FOR | ) |
| MORGAN STANLEY MORTGAGE | ) |
| CAPITAL HOLDINGS LLC, a foreign | ) |
| Trust, and Fictitious defendants A-Z are | ) |
| those defendants who caused or are | ) |
| responsible for the harm done to Plaintiff. | ) |
| | ) |
| Defendants. | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF SPECIALIZED LOAN SERVICING, LLC BY VIDEO OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**      **Corporate Representative of Specialized Loan Servicing, LLC**

**DATE:**      **June 14, 2018**

**TIME:**      **9:00 a.m.**

**PLACE:**      **Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters for the time period of three (3) years prior to the filing of the Complaint through the date of the deposition:

1.     Allegations of the Complaint.

2.     Your Answer to the Complaint.

3.     The Note and Mortgage of Plaintiff.

4.     All assignments, endorsements, allonges, or other transfers of the Note or Mortgage of
       Plaintiff.

5.     All discovery responses to Plaintiff's written discovery.

6.     Any loss mitigation efforts/discussions with Plaintiff.

7.     All training, supervision, and policies related to foreclosure and loan modification.

8.     Training, supervision, and policies regarding all loss mitigation and postponing or
       cancelling a foreclosure sale.

9.     The actions of all sub or master mortgage servicers related to the Plaintiff.

10.    Your communications with and work for or with the owner of the mortgage loan.

11.    All letters from Plaintiff and your responses to the letters.

### DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of
Defendant must bring the following documents with them to the deposition:

1.     All documents responsive to the Request for Production of Documents and documents
       related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447;  fax (888) 522-7167
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
2/19/2018 9:42 AM
17-CV-2018-900005.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| **JERRY BONNER, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **SPECIALIZED LOAN SERVICING, LLC,** ) | |
| **a Corporation; FV-I, INC. IN TRUST FOR** ) | |
| **MORGAN STANLEY MORTGAGE** ) | |
| **CAPITAL HOLDINGS LLC, a foreign** ) | |
| **Trust, and Fictitious defendants A-Z are** ) | |
| **those defendants who caused or are** ) | |
| **responsible for the harm done to Plaintiff.** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF FV-I IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC BY VIDEO OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**   **Corporate Representative of FV-I In Trust For Morgan Stanley Mortgage Capital Holdings LLC**

**DATE:**   **June 15, 2018**

**TIME:**   **9:00 a.m.**

**PLACE:**   **Watts & Herring, LLC**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters for**

**the time period of three (3) years prior to the filing of the Complaint through the date of the deposition:**

1.    Allegations of the Complaint.

2.    Your Answer to the Complaint.

3.    The Note and Mortgage of Plaintiff.

4.    All assignments, endorsements, allonges, or other transfers of the Note or Mortgage of Plaintiff.

5.    All discovery responses to Plaintiff's written discovery.

6.    Any loss mitigation efforts/discussions with Plaintiff.

7.    All training, supervision, and policies related to foreclosure and loan modification.

8.    Training, supervision, and policies regarding all loss mitigation and postponing or cancelling a foreclosure sale.

9.    The actions of all sub or master mortgage servicers related to the Plaintiff.

10.   Your communications with and work for or with the owner of the mortgage loan.

11.   All letters from Plaintiff and your responses to the letters.

<u>**DUCES TECUM**</u>

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.    All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

DOCUMENT 5

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447;  fax (888) 522-7167
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**



AlaFile E-Notice

17-CV-2018-900005.00

To:   JOHN GRIFFIN WATTS
      john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

JERRY BONNER V. SPECIALIZED LOAN SERVICING, LLC ET AL
17-CV-2018-900005.00

The following complaint was FILED on 2/19/2018 9:43:00 AM

Notice Date:      2/19/2018 9:43:00 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2018-900005.00

To:  SPECIALIZED LOAN SERVICING, LLC
     C/O UNITED AGENT GROUP IN
     6 OFFICE PARK CIRCLE #100
     MOUNTAIN BROOK, AL, 35223

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

JERRY BONNER V. SPECIALIZED LOAN SERVICING, LLC ET AL
17-CV-2018-900005.00

The following complaint was FILED on 2/19/2018 9:43:00 AM

Notice Date:     2/19/2018 9:43:00 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2018-900005.00

To:  FV-I, INC IN TRUST FOR MORGAN STANLEY MORTGAGE CAP
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST, STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

JERRY BONNER V. SPECIALIZED LOAN SERVICING, LLC ET AL
17-CV-2018-900005.00

The following complaint was FILED on 2/19/2018 9:43:00 AM

Notice Date:    2/19/2018 9:43:00 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2018-900005.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### JERRY BONNER V. SPECIALIZED LOAN SERVICING, LLC ET AL

**NOTICE TO:** SPECIALIZED LOAN SERVICING, LLC, C/O UNITED AGENT GROUP IN 6 OFFICE PARK CIRCLE #100, MOUNTAIN BROOK, AL 35223
<i>(Name and Address of Defendant)</i>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN GRIFFIN WATTS
<i>[Name(s) of Attorney(s)]</i>

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203
<i>[Address(es) of Plaintiff(s) or Attorney(s)]</i>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JERRY BONNER
<i>[Name(s)]</i>

pursuant to the Alabama Rules of the Civil Procedure.

| 2/19/2018 9:43:00 AM | /s/ JULIE G. POE | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JOHN GRIFFIN WATTS
<i>(Plaintiff's/Attorney's Signature)</i>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
<i>(Date)</i>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
<i>(Name of Person Served)          (Name of County)</i>

Alabama on _____
<i>(Date)</i>

| | (Address of Server) |
| --- | --- |
| *(Type of Process Server)*   *(Server's Signature)* | |
| *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2018-900005.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### JERRY BONNER V. SPECIALIZED LOAN SERVICING, LLC ET AL

**NOTICE TO:** FV-I, INC IN TRUST FOR MORGAN STANLEY MORTGAGE CAP, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JERRY BONNER
pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

| 2/19/2018 9:43:00 AM | /s/ JULIE G. POE | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

| | | |
|---|---|---|
| | | *(Address of Server)* |
| *(Type of Process Server)* | *(Server's Signature)* | |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

MONTGOMERY AL 36104

OFFICIAL USE

FILED
DISTRICT/CIRCUIT CT

Certified Mail Fee

$ $3.45

0910
01

Extra Services & Fees (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)          $ $0.00

☐ Return Receipt (electronic)        $ $0.00

☐ Certified Mail Restricted Delivery  $ $0.00

☐ Adult Signature Required           $ $0.00

☐ Adult Signature Restricted Delivery $

FEB 22 2018

Postmark
Here

Postage

$

CLAY COUNTY AL

02/22/2018

Total Postage and Fees

$ $9.67

Sent To  FV-I Inc. Trust for Morgan Stanley Mortgage

Street and Apt. No., or PO Box No.  2 N Jackson St STE 605

City, State, ZIP+4  Montgomery, AL 36104

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7017 1450 0002 3008 5393

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

BIRMINGHAM AL 35213

**OFFICIAL USE**

0910
01

| Certified Mail Fee | $3.45 |

$ $2.75

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)     $
☐ Return Receipt (electronic)    $0.00
☐ Certified Mail Restricted Delivery  $0.00
☐ Adult Signature Required       $0.00
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$1.47

**FILED DISTRICT COURT**
**FEB 22 2018**
**CLAY COUNTY, AL**
2/22/2018

Total Postage and Fees
$8.67

$

Sent To  *Specialized Loan Servicing LLC*

Street and Apt. No., or PO Box No. *Office Park Circle #100*

City, State, ZIP+4® *Mountain Brook, AL*

See Reverse for Instructions

PS Form 3800, April 2015 PSN 7530-02-000-9047

7017 1450 0002 3008 5409

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

DOCUMENT 10

CV-18-900005

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Specialized Loan Servicing, LLC
c/o United Agent Group
c Office Park Circle #100
Mountain Brook, AL 35223

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2767 6351 7311 43

2. Article Number (Transfer from service label)

7017 1450 0002 3008 5409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

DOCUMENT 10

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 2767 6351 7311 43

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box®

FILED
Clay County DISTRICT COURT CT
P.O. Box 816   FEB 2 8 2018
Ashland AL 36251
CLAY COUNTY, AL



DOCUMENT 11

CV-18-90005

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FV-I Inc. Trust for Morgan
Stanley Mortage
2N Jackson Street - STE 605
Montgomery, AL 36104

9590 9402 2767 6351 7310 44

2. Article Number (Transfer from service label)

7017 1450 0002 3008 5393

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Laura McHane_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

FEB 6 2018

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

DOCUMENT 1-1

USPS TRACKING #

9590 9402 2787 6351 7310 44

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Clay County Circuit Clerk
P.O. Box 816
Ashland, AL 36251